IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TABU N. McCLURE,                          :
                                          :
            Petitioner                    :        CIVIL NO. 1:CV-12-00892
                                          :
      v.                                  :        (Judge Rambo)
                                          :
WARDEN JOHN WETZEL, *et al.,*              :
                                          :
            Respondents                   :

## M E M O R A N D U M

Petitioner Tabu N. McClure ("McClure"), who is presently incarcerated at the

State Correctional Institution at Pine Grove in Indiana, Pennsylvania, initiated this

action by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions

of 28 U.S.C. § 2254.  (Doc. 1.)  In the petition, McClure challenges his October 18,

2006 conviction for firearms charges in the Court of Common Pleas of Dauphin

County, Pennsylvania ("trial court" or "Dauphin County court").

Upon preliminary review of the habeas corpus petition pursuant to 28 U.S.C. §

2254, *see* Rules Governing § 2254 Cases Rule 4, it appeared that the habeas petition

might be barred by the statute of limitations set forth in the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat.

1214 (Apr. 24, 1996).  *See United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir.

2005) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of

limitations, provided that the petitioner is given notice and an opportunity to respond).

On June 27, 2012, the parties were notified that the petition appeared to be untimely,

and Respondents were directed to file a response concerning the timeliness of the

petition and any applicable statutory and/or equitable tolling of the AEDPA statute of

limitations.  (Doc. 8.)  McClure was afforded the opportunity to file a reply.  (*Id.*)  On

July 17, 2012, Respondents filed a response to the habeas petition.  (Doc. 13.)

McClure has not filed any reply to Respondents' filing, and the time for doing so has

expired.  For the reasons set forth below, the habeas petition will be dismissed as

untimely.


I.    **Background**

On October 18, 2006, McClure was sentenced in the Dauphin County court for

firearms charges to a term of imprisonment of three (3) to eight (8) years.  *See*

*Commonwealth v. McClure*, CP-22-CR-0003208-2005, *available at*

http://ujsportal.pacourts.us (last visited Aug. 1, 2012).  After he filed a direct appeal,

on July 13, 2007, the Pennsylvania Superior Court affirmed McClure's judgment of

sentence, and on January 30, 2008, the Pennsylvania Supreme Court denied his

petition for allowance of appeal.  *See id*.

On November 3, 2008, McClure filed a petition for post conviction collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq*. *See id.* The Dauphin County court, now acting as the PCRA court, dismissed the PCRA petition on August 31, 2009. *See id.* On June 22, 2010, the Pennsylvania Superior Court affirmed the dismissal of McClure's PCRA petition. *See Commonwealth v. McClure*, 932 A.2d 257 (Pa. Super. Ct. 2007) (table). McClure did not timely file a petition for allowance of appeal to the Pennsylvania Supreme Court. He filed the instant federal habeas petition on May 14, 2012. (Doc. 1.)

## II.   Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the AEDPA. *See* 28 U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

　　　(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

* * *

　　(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

McClure was sentenced to 3 to 8 years on October 18, 2006.  On July 13, 2007, the Pennsylvania Superior Court affirmed McClure's judgment of sentence, and on January 30, 2008, the Pennsylvania Supreme Court denied his petition for allowance of appeal.  Therefore, McClure's judgment became final on or about April 30, 2008, or after the 90-day period to file a petition for a writ of certiorari in the United States Supreme Court had expired.  *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking the review"). The one-year period for the statute of

limitations commenced running as of that date, and expired on April 30, 2009. Hence

the federal petition, which was filed on May 14, 2012, appears to be untimely.

However, the court's analysis does not end there because the court must give

consideration to any applicable statutory and equitable tolling doctrines.

### A.   Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time

during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §

2244(d)(2). On November 3, 2008, McClure filed a petition for post conviction

collateral relief pursuant to PCRA. While it is true that a properly filed PCRA petition

tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed

before the limitations period runs out, otherwise there is nothing left to be tolled. *See*

*Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("'properly filed' state-court

[post-conviction] petitions must be 'pending' in order to toll the limitations period.

Thus, a state court petition . . . that is filed following the expiration of the federal

[AEDPA] limitations period cannot toll that period because there is no period

remaining to be tolled.") (some internal quotations omitted), *reh'g denied*, 273 F.3d 1123 (11th Cir. 2001).

The federal limitations period in the instant case expired on April 30, 2009. However, prior to this date, McClure filed a PCRA petition in the Dauphin County court on November 3, 2008.  As such, the statute of limitations became tolled at that point.  Prior to this time, the statute began running as of April 30, 2008, the date his conviction became final.  It was not tolled until November 3, 2008, when McClure timely filed his PCRA petition.  By this time, approximately 187 days had elapsed. McClure's 28 U.S.C. § 2244(d)(a) habeas filing deadline began running again on July 22, 2010, which is thirty (30) days after the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition or the expiration of the time period to file an appeal of the Superior Court's decision with the Pennsylvania Supreme Court.  Thus, the filing deadline for the instant habeas petition expired on or about January 17, 2011 (July 22, 2010 plus the 178 days remaining on the statute prior to tolling by filing of PCRA petition).  Based on the foregoing, since the instant petition was not filed until May 14, 2012, it is clear that McClure failed to file his action within the requisite one-year statutory deadline, and the petition should be dismissed as untimely.

**B.      Equitable Tolling**

The federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. *See Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2562 (2010); *see also LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted). Generally, a petitioner seeking equitable tolling must show (1) that he "has in some extraordinary way been prevented from asserting his or her rights" and (2) that "he or she exercised reasonable diligence in investigating and bringing [the] claims." *Id.* (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2003)). Further, the Third Circuit Court of Appeals has held that equitable tolling applies in these extraordinary circumstances: (1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) the plaintiff timely asserted his rights but did so in the wrong forum by mistake. *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006) (quoting *Fahy*, 240 F.3d at 244).

In the instant petition, McClure argues that he is entitled to equitable tolling because he was prevented, in an extraordinary way, from asserting his rights in a

timely manner.  Specifically, McClure sets forth the following with respect to the

timeliness of his federal habeas petition:

> [I] was not aware of the time limitations.  Also do not have an attorney to represent nor explain all options that were available to me.  Never received final notice of outcome of appeal status, as I was paroled 3/2010 and wrote the court the change of address and just recently learned status of my PCRA.  State failed to notify me of the final outcome or next steps to take.  My attorney who represented me during my PCRA asked the court to recuse himself, in I believe a "Finley letter," and I was not apprised of, nor given counsel to pursue my appeal, or what options were left to me.  I received no hearing.

(Doc. 1 at 5.)

Here, McClure's excuse for the delay in filing his habeas petition is that he

allegedly was not timely informed about the disposition of his PCRA petition.  This

assertion fails to establish extraordinary circumstances.  *See LaCava*, 398 F.3d at

276.[1]  Further, the docket in McClure's state case belies his assertions with respect to

---

[1]  In *LaCava*, the Third Circuit held:

LaCava argues that his failure to receive notice of the Pennsylvania Supreme Court's denial of his petition for permission to appeal constitutes extraordinary circumstances which would warrant equitable tolling.  We disagree.

We note that LaCava was represented by counsel during his state collateral proceedings, including the filing of his petition for allowance of appeal.  Accordingly, LaCava was not entitled to personal notice of the Pennsylvania Supreme Court's order.  *See* PA. R. APP. P. 1123(a).  LaCava fares no better by implying that counsel was derelict in failing to timely notify him of the state court's disposition.  We have stated that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Merritt v. Blaine*,

notice and filings.  First, the docket indicates that after McClure's PCRA petition was

denied and the court granted his counsel's request to withdraw, the court apprised

McClure directly of his appellate rights.  *See Commonwealth v. McClure*, CP-22-CR-

0003208-2005.  Also, the docket indicates that McClure filed a *pro se* appeal.  *See id*.

Again, McClure must establish both the existence of extraordinary circumstances *and*

that he acted with reasonable diligence throughout the time he seeks to have equitably

tolled.  Because he has failed to establish extraordinary circumstances, he has failed to

show that his federal habeas petition is subject to equitable tolling.

Even if McClure had established extraordinary circumstances, he has failed to

establish that he acted with reasonable diligence in bringing his claims throughout the

period of time he would need to have equitably tolled.  Again, the only excuse

McClure offers for failing to timely file his habeas petition is the allegation that the

Pennsylvania Superior Court did not send him a notice of the outcome of his appeal

---

326 F.3d 157, 169 (3d Cir. 2003) (quoting *Fahy*, 240 F.3d at 244); *see also Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002).  LaCava advances no allegations of attorney malfeasance that would elevate this case to an "extraordinary circumstance" sufficient to warrant equitable tolling.  Moreover, the circumstances of this case are certainly distinguishable from that presented in *Seitzinger, supra*, 165 F.3d at 242, where we held that an attorney's affirmative misrepresentation to his client that he had filed a timely complaint on her behalf when in fact he had not, coupled with the plaintiff's extreme diligence in pursuing her claim, "created a situation appropriate for tolling."

*LaCava*, 398 F.3d at 276.

and neither the Superior Court nor his counsel informed him of the "next steps to take." (Doc. 1 at 5.) He contends that he "just recently learned [of the] status of my PCRA." (*Id.*) Absent from McClure's petition, however, are any contentions that he acted with due diligence to timely file his habeas petition, including any dates when he undertook such actions. Without any articulation as to his efforts to timely file the instant petition, including the dates of such efforts, McClure fails to sustain his burden of showing that he acted with reasonable diligence throughout the 662 days of non-tolled time that elapsed between July 22, 2010 (the expiration of the time period to challenge the Superior Court's decision affirming the dismissal of the PCRA petition to the Pennsylvania Supreme Court) and May 14, 2012 (the filing of the instant petition), to warrant the application of equitable tolling. *See Agudelo v. United States*, No. 04-CV-670 CBA, 2006 WL 3694555, at \*2 (E.D.N.Y. Dec. 14, 2006) ("although Agudelo's petition is based in part on his attorney's alleged failure to file a notice of appeal, Agudelo has not indicated when he discovered that his appeal had not been filed"); *Tellier v. United States*, No. 97 Civ. 8747, 2006 WL 2707371, at \*7 (S.D.N.Y. Sept. 20, 2006) (denying claims as untimely where petitioner did not "specify the date on which he discovered the facts that support [his] claims . . . [n]or explain why these

facts could not have been discovered earlier through the exercise of due diligence").

Therefore, McClure's argument in favor of equitable tolling fails.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

certificate of appealability ("COA"), an appeal may not be taken from a final order in

a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has

made a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason

could disagree with the district court's resolution of his constitutional claims or that

jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district

court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a COA should issue when the prisoner shows, at least,

that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was right in its procedural ruling."  *Slack v. McDaniel*, 529

U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural

disposition of this case debatable.  Accordingly, no COA will issue.

An appropriate order follows.


                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated:  August 7, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TABU N. McCLURE,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-12-00892** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **WARDEN JOHN WETZEL,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-

barred by the statute of limitations.  *See* 28 U.S.C. § 2244(d).

2) There is no basis for the issuance of a certificate of appealability.  *See* 28

U.S.C. § 2253(c).

3) The Clerk of Court is directed to **CLOSE** this case.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 7, 2012.